# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA SALVADOR,<br>Detainee No. A200968077,<br><br>                              Plaintiff,<br><br>vs.<br><br>MISS DEPOELO,<br><br>                              Defendant. | Civil No.    12cv1927 JLS (KSC)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2];**<br><br>**(2)   DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]; and**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Amina Salvador  ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the

plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law."  *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims she was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to her.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist her in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1  legal issues involved.'  Neither of these issues is dispositive and both must be viewed together
2  before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
3  1986)).
4     The Court denies Plaintiff's request without prejudice because, for the reasons set forth
5  below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel
6  at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

9     Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the
10 Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon
11 which relief may be granted, or seek monetary relief from a defendant immune from such relief."  28
12 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding
13 that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203
14 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a
15 district court to dismiss an in forma pauperis complaint that fails to state a claim.").  "[W]hen
16 determining whether a complaint states a claim, a court must accept as true all allegations of
17 material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v.*
18 *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
19 Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure
20 12(b)(6)").
21    In Plaintiff's Complaint, she alleges that her testimony at a hearing, the nature of which is
22 not clear, was "broadcasted to the whole detention center."  (Compl. at 2.)  Plaintiff further claims
23 that she was told to "shut up" during her hearing and was "also forced to become affiliated with a
24 dangerous Pakistani doctor."  (*Id.*)  Plaintiff further alleges that her affiliation with this doctor was
25 "confirmed as per President Obama's news broadcast."  (*Id.*)  Based on these allegations, the Court
26 finds Plaintiff's claims to be frivolous because they lack even "an arguable basis either in law or in
27 fact," and appear "fanciful," "fantastic," or "delusional."  *Neitzke v. Williams*, 490 U.S. 319 at 325,
28 328 (1989).  Thus, the Court dismisses the entirety of Plaintiff's Complaint as frivolous.

1    Because it appears that Plaintiff may be alleging facts relating to her confinement in a
2 Federal Immigration center and she may be trying to claim violation of her civil rights by federal
3 actors, the Court construes this matter as arising under *Bivens v. Six Unknown Named Fed.*
4 *Narcotics Agents*, 403 U.S. 388 (1971).  *Bivens* established that "compensable injury to a
5 constitutionally protected interest [by federal officials alleged to have acted under color of federal
6 law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of
7 the federal courts [pursuant to 28 U.S.C. § 1331]."  *Butz v. Economou*, 438 U.S. 478, 486 (1978).
8 "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor
9 under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.
10 1991).

11    To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured
12 by the Constitution of the United States was violated, and (2) that the violation was committed by a
13 federal actor.  *Id.*; *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  *Bivens*
14 provides that "federal courts have the inherent authority to award damages against federal officials
15 to compensate plaintiffs for violations of their constitutional rights."  *W. Ctr. for Journalism v.*
16 *Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  However, a *Bivens* action may only be brought
17 against the responsible federal official in his or her individual capacity.  *Daly-Murphy v. Winston*,
18 837 F.2d 348, 355 (9th Cir. 1988).  *Bivens* does not authorize a suit against the government or its
19 agencies for monetary relief.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851
20 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355.  Nor does *Bivens* provide a remedy
21 for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional
22 rights under color of federal law.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he
23 purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer*, 510 U.S. at 485);
24 *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private
25 entities").

26    It is simply not clear who Defendant Depoelo is in relation to Plaintiff and how she allegedly
27 violated Plaintiff's civil rights.  Plaintiff claims that she is "shocked, very shocked" at Depoelo's
28 conduct."  (Compl. at 3.)  To the extent that Defendant Depoelo may be a federal immigration

official, Plaintiff may not be able to state a claim. The Ninth Circuit has recently declined to extend a *Bivens* action to an illegal immigrant suing "federal agents for wrongful detention pending deportation." *Mirmehdi v. United States*, __ F.3d __, 2012 WL 2044804 *5 (9th Cir. June 7, 2012). Accordingly, Plaintiff cannot bring a *Bivens* action against a federal immigration official for "wrongful detention." *Id.* Because it is not clear what other claim Plaintiff attempting to bring in this action, Plaintiff's entire action must be dismissed for failing to state a claim upon which relief may be granted.

### IV.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED WITHOUT PREJUDICE**; and

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** <u>forty five (45) days</u> leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

DATED: August 21, 2012

Honorable Janis L. Sammartino
United States District Judge